IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL J. ROHADFOX,
    Petitioner,

vs.                                                       Case No. 3:12cv579/RV/CJK

MICHAEL D. CREWS,
    Respondent.

## **REPORT AND RECOMMENDATION**

Petitioner commenced this action on December 3, 2012, by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). The petition was not accompanied by the $5.00 filing fee or an application to proceed *in forma pauperis*.

On December 14, 2012, the Court entered an order (doc. 4) requiring petitioner to submit, within thirty days, the $5.00 filing fee or a complete application to proceed *in forma pauperis*. Petitioner was warned that failure to comply with the order would result in a recommendation that this case be dismissed. Over thirty days elapsed, and petitioner did not comply with the order.

On January 25, 2013, the Court ordered petitioner to show cause, within fourteen days, why this case should not be dismissed for failure to comply with an order of the Court. (Doc. 5). To date, petitioner has not responded to the show cause order or complied with the December 14, 2012 order.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for petitioner's failure to comply with an order of the Court.

2. That the Clerk be directed to close the file.

At Pensacola, Florida, this 28th day of February, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).